## J. S. MOSIER V. MARY CLAPP.

EJECTMENT—*Notice—Evidence Sustains Judgment.* In an action brought by C. against M. to recover a tract of land, C. offered evidence tending to show that the land was granted by the United States to a railway company, through which C. claimed the land. M. subsequently attempted to preëmpt the tract as public land, claiming that while it was within the limits of the grant it was excepted from it; but the only evidence offered to support his claim was a notice of a decision by the local land officers, made three days prior to the trial, and which was not pleaded by him, which purported to decide some controversy between the railway company and M. adversely to the company, but the questions involved and decided were not shown. *Held,* That the notice did not overthrow the *prima facie* showing of a right of re-covery in C., and that there was sufficient evidence to sustain the judgment in her favor.

*Error from Woodson District Court.*

THE opinion states the case.

*T. L. Davis,* for plaintiff in error.

*G. R. Stephenson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: In an action of ejectment in the district court of Woodson county, Mary Clapp obtained a judgment against J. S. Mosier for the recovery of a quarter-section of land, and enjoining him from interfering with her possession and ownership of the land and improvements thereon. He seeks a reversal of the judgment upon the sole ground that the testimony is insufficient to support it. To establish her right to the land, the plaintiff below showed that it was within the limits of a grant by the United States to the M. K. & T. Railway Company, the right of which attached December 3, 1866, and the withdrawal of which took effect April 3, 1867; and it was agreed that the land in question had been selected by the railway company. A sale of the land in question by the railway company to one Lee Clark on March 11, 1884, and a transfer and assignment by Clark to Mrs. Clapp on May

12, 1884, were shown. After purchasing the land she went into possession thereof and made improvements thereon. It appears that Mosier did not go into possession of the land until June, 1885, when he found it fenced and in the possession of Mrs. Clapp. He attempted to file on the land in question in 1883, but his application was refused, and he appealed from the decision of the local officers to the commissioner of the general land office, where the appeal was decided adversely to him, for the reason that the lands were withdrawn from the market. He then appealed from the decision of the commissioner to the secretary of the interior; and this latter appeal was pending and undetermined at the time of the trial in the court below. The right of the railway company to the land under the grant was sufficiently shown, and the sale and transfer through Clark to Mrs. Clapp is not disputed. For some reason not disclosed, Mosier seems to claim that the tract was excepted from the grant to the railway company, and was subject to preëmption as a part of the public domain. However, in the trial of the case in the court below the fact that the land was within the limits of the grant was admitted, and that the company acquired the land under the grant was not questioned except by the introduction of the following notice:

"UNITED STATES LAND OFFICE,
INDEPENDENCE, KANSAS, March 7, 1888.
LAND IN CONTEST.—N. E. ¼ SEC. 22, TP. 25, R. 14 E.

M. K. & T. R. R. Co. )
$v.$ }
John S. Mosier. )

"You are hereby notified that on the 7th day of March, 1888, a decision in the above-entitled cause was rendered by the register and receiver in favor of defendant, and that if you feel aggrieved at such decision, you have thirty days in which to file an appeal and argument from such decision to the Hon. Commissioner of United States land office, and that if such appeal be not taken in that time, said decision will be made final.        CLATE M. RALSTIN, Register."

This notice, if admissible at all, did not overturn or disturb the *prima facie* showing that had been made of a grant to the railway company, and the right that Mrs. Clapp obtained through the company. The notice does not disclose what the

controversy between Mosier and the railway company was; whether it was a question of law or fact; nor did it show that the decision in any way affected the right of Mrs. Clapp to a recovery of the land. More than that, the decision referred to in the notice appears to have been made on March 7, 1888, while the trial occurred only three days later, on March 10, 1888. The issues in the case were closed by a reply October 17, 1885, and no supplemental pleading was filed by Mosier setting forth the decision in question, or any decision affecting the rights of the parties in the present action, nor alleging any facts material to the present controversy occurring since the issues were closed. If Mosier acquired a right to the land subsequent to the commencement of the action, he should have filed a supplemental pleading, setting forth his claim under such right; but even if such a claim had been properly made, the vague statements contained in the notice would have proved nothing. The naked notice introduced of a decision not pleaded, made three days prior to the trial, and which was to become final at the end of thirty days, and which does not disclose the questions or interests that were involved in the decision, furnishes no evidence against the established right of Mrs. Clapp to the land. Under the testimony in the record the judgment was rightly given, and it will be affirmed.

All the Justices concurring.